TO BE PUBLISHED

# Supreme Court of Kentucky

2021-SC-0512-KB

INQUIRY COMMISSION                                                                    MOVANT


V.                                    IN SUPREME COURT


BENJAMIN GERALD DUSING                                              RESPONDENT


## OPINION AND ORDER

Benjamin Gerald Dusing[1] has been charged in KBA File 21-DIS-0187

and 21-DIS-0192 for violating provisions of SCR 3.130, the Kentucky Rules of

Professional Conduct.[2]  The Inquiry Commission, by and through the Office of

Bar Counsel, filed a Petition for Temporary Suspension of Dusing on November

12, 2021, as supplemented on December 29, 2021.  Dusing, by counsel, filed a

Verified Response to the Petition on December 7, 2021, and also a Response to

---

[1] KBA Member No. 89178, with bar roster address of 809 Wright Summit Pkwy, Suite 120, Fort Wright, KY 41011.

[2] KBA File No. 21-DIS-0187 relates to a bar complaint filed by Michael Hild, whom Dusing represented in a federal criminal trial in the Southern District of New York.  Hild's complaint was attached to the Inquiry Commission's Petition as Inquiry Commission Exhibit 4.  The record presented to this point does not include KBA File No. 21-DIS-0192, but that file presumably is based on Dusing's videos posted to Facebook and threats to judicial staff and opposing counsel.

the Supplement on December 29, 2021.

The Commission alleges that on November 2, 2021, Dusing posted a video to Facebook that contained threats to Attorney Stephanie Dietz and a Kenton Family Court staff attorney. That day, Judge Christopher J. Mehling, Kenton Family Court, as well as Dietz and the staff attorney, watched the video. Two days later, Judge Mehling issued an Order of Recusal in the two cases then pending in his Family Court division involving Dusing. Judge Mehling's Order provided:

> This court conducted a hearing on November 2, 2021, at motion docket via Zoom on matters in both cases. At that time this court was shown a video that Ben Dusing posted on social media that morning. In that video Dusing claimed that this court was corrupt and directly threatened this court's staff attorney and Bakker's attorney [Dietz], each by name. He indicated he "would blow them up." The video was quite disturbing. This court's staff attorney was with me on the bench at the time and was physically upset during and after the playing of this video. She became fearful for her life. This court indicated at the time that the content of the video was threatening to the court, to the court's staff attorney and to Bakker's attorney. It was inappropriate and improper for anyone, let alone a member of the Kentucky Bar, to post such a video about a court proceeding in which he is involved. It clearly was meant to intimidate this court and this court's staff and the attorneys involved in the cases with Dusing. The video was profanity laced. This court indicated that the video would be provided to the Commonwealth Attorney.

> This court, *sua sponte*, enters an order of recusal in each case. Consistent with the Supreme Court's recent decision in *Abbott, Inc. v. Guirguis, et al.*, 626 S.W.3d 475 (Ky. 2018), this court wishes to place on the record the reasons for this recusal. This court has labored for months with a deluge of motions from Dusing in both cases after this court held trials and ruled in each case. A multitude of appeals are pending. A petition for a Writ is pending in the Court of Appeals and this is the second petition for a Writ filed by Dusing. The first was denied. One request for recusal was rejected by the Chief Justice. At last count, ten motions for recusal in each case have been denied.

2

This court has attempted to do its duty in each case, be fair to all, hear the evidence and make rulings while following the law. This court still believes that this court can be fair and impartial[;] that is this court's duty. However, by making a direct threat to this court's staff attorney this court believes that there will now be an appearance of impartiality regardless of the facts. KRS 26A.015(2)(e) requires recusal if the judge "has knowledge of any other circumstances in which his impartiality might reasonably be questioned." For this reason and this reason alone, this court now recuses in both cases.

This court must observe that if any litigant can behave in this manner without any consequences, our justice system surely is in grave peril. This behavior is nothing more than bullying of a court by a litigant. This is magnified by the fact that the litigant is a lawyer authorized to practice law in this Commonwealth. If this behavior can stand with no consequence, then we might as well dismiss all of the ethics rules lawyers are to follow. Talk of civility by the bar[,] there has been none here. This court is quite reluctant to enter this order; on first blush the bully has won. However, this court believes that it is my duty to now recuse because of the appearance issue, even though it is self-created by Dusing. . . .

The Inquiry Commission's Petition emphasizes, as mentioned in Judge Mehling's Order, Dusing's lengthy course of abusive and menacing behavior in two family court cases that were pending before Judge Mehling: *Dusing v. Tapke*, No. 15-CI-1945 (Kenton Fam. Ct. filed Nov. 20, 2015), and *Bakker v. Dusing*, No. 19-CI-560 (Kenton Fam. Ct. filed Apr. 8, 2019). Significantly, on April 5, 2021, Judge Mehling had entered extensive Findings of Fact, Conclusions of Law, Orders and Judgment of Custody in *Bakker*. Judge Mehling detailed Dusing's extensive history of abusive conduct and physical violence, including multiple death threats to Bakker, with whom he had fathered a child. Judge Mehling described Dr. David Feinberg's assessment of Dusing as "demonstrat[ing] a person who is guarded, suspicious, hostile,

3

insecure and mistrusting[.]"

In its Supplement, the Commission filed the affidavit of Attorney Dietz in which she detailed her professional credentials, involvement in the *Bakker* case, and her viewing and perception of Dusing's November 2 video. Dietz described Dusing's behavior similarly to Judge Mehling's description: psychological, physical and legal abuse. Dietz additionally detailed her "utter fear" of Dusing and her consequent actions to protect herself.

The Commission's Petition also included Hild's notarized bar complaint against Dusing.[3] Hild alleges misconduct by Dusing in representing Hild in a federal criminal trial in New York,[4] including solicitation of representation, actual conflict of interest, misappropriation of funds, dishonesty and incompetence. Hild's complaint includes the following allegation:

> Dusing's lack of preparation, poor performance at my trial, visible consumption of prescription drugs with runs to the pharmacy by his staff, are cause for grave concern now that I understand those prescription bottles to have contained amphetamines. . . . In fact, I remember Mr. Dusing stating during the trial that he was "back in business" after clutching a large prescription bottle that his paralegal just retrieved from the pharmacy for him. This was after a terrible performance at my trial when Mr. Dusing was unprepared, disheveled, seemed to have trouble collecting his thoughts, and failed to find the right words to piece together full sentences when questioning witnesses.

In response, Dusing, by counsel, admits that he posted the November 2 video, but states that it cannot be considered to convey a physical threat, but

---

[3] Both Hild's bar complaint and Dietz's affidavit are supporting affidavits within the meaning of SCR 3.165(1).

[4] *United States v. Hild*, No. 19-CR-602-RA (S.D.N.Y.).

rather expressed his aspirational goal to clean up the "preferential justice" and corruption in the Kenton Family Court and his vow to use all legal means at his disposal to do so. His view of this and his 40 to 50 other videos is "to highlight examples of what [Dusing] views as corruption so there is public awareness and understanding . . . so that steps might be taken to correct the problem." Dusing admits he used the phrase "give me a reason to blow your asses up" but argues that it was not intended literally, but figuratively "about taking formal legal and disciplinary action against them[,]" as demonstrated by the immediately following statements in the video. Dusing, thus, summarizes that "[w]hile his language was unprofessional, it did not evidence a substantial threat of harm to Ms. Dietz or Ms. Keyes[, Judge Mehling's staff attorney]." After Dusing learned that Dietz felt threatened by the video, he deleted it from his Facebook page.

Dusing denies addiction to alcohol, illegal or prescription drugs, and states that he has been clean and sober for 19½ years and has participated with KYLAP since becoming a member of the bar, initially as a monitor for impaired lawyers and more recently as a member of the KYLAP Commission. Dusing acknowledges a diagnosis of attention-deficit/hyperactivity disorder (ADHD) for which he takes Adderall, as prescribed by Dr. Andrew Klafter.

Dusing denies the allegations made by Hild. Dusing states that the drug referred to by Hild was the Adderall prescription.

Dusing denies mental disability, and states that he has been seeing his mental-health service provider, Dr. Klafter, for almost a decade on a weekly

5

basis. He describes the allegations against his mental health as a "routine 'go-to'" by his ex-wife and ex-fiancée. Dusing cites evaluations by Kerrie Brittingham and Dr. Stuart Bassman as further evidence of his mental health; he claims Dr. Feinberg's opinion should carry little weight, based on insufficient observation and bias.

Finally, Dusing concludes that the allegations of Dietz and Hild are the result of "an alignment of interests and serious common incentive to work together to attack Mr. Dusing and assail his character and credibility."

SCR 3.165 sets forth the parameters for a motion for temporary suspension. The rule provides:

(1)     On petition of the Inquiry Commission, authorized by its Chair, or the Chair's lawyer member designee, and supported by an affidavit, an attorney may be temporarily suspended from the practice of law by order of the Court provided:

. . .

(b)     It appears that probable cause exists to believe that an attorney's conduct poses a substantial threat of harm to his clients or to the public;

. . .

(d)     It appears that probable cause exists to believe that an attorney is mentally disabled or is addicted to intoxicants or drugs and probable cause exists to believe he/she does not have the physical or mental fitness to continue to practice law. If the attorney denies that he/she is mentally disabled or denies that he/she is addicted to intoxicants or drugs, the Court may order the attorney to submit to a physical or mental examination by a physician or other health care professional appointed by the Court. The examining health care professional shall file with the Clerk of the Court a detailed written report setting out the findings of the health care professional, including results of all tests made, diagnosis and conclusions, together with like reports of all earlier examinations by

6

any health care professional of the same condition. The Clerk of the Court shall furnish a copy of the examining health care professional's entire report to the attorney and to Bar Counsel. The Court may order the attorney to produce to the Court and Bar Counsel any relevant medical, psychiatric, psychological or other health care or treatment records, including alcohol or drug abuse patient records, evidencing prior or ongoing treatment for mental disability or addiction to drugs or to execute appropriate releases which would comply with applicable federal and state law in order to permit the treating health care professional to release those records to the Court and Bar Counsel. Any such order and the resulting records regarding the treatment shall be confidential and sealed in the record.

The Commission has established probable cause to believe that Dusing's conduct poses a substantial threat of harm to his clients or to the public. Dusing admits making and posting the threatening video with respect to Dietz and Keyes. While he attempts to rationalize the video, Dusing does not deny threats and abuse to Bakker as found by Judge Mehling. The issue before us is not whether Dusing is, in fact, a threat to his clients or the public, or whether, in fact, he is mentally disabled or is addicted to intoxicants or drugs and has the mental fitness to continue to practice law. The issue is whether the Commission has established "that probable cause exists to believe" those facts exist. From the record before us, the Commission has presented enough information to establish probable cause for us to believe either that Dusing poses a substantial threat of harm to his clients or the public or that he is mentally disabled and lacks the mental fitness to continue to practice law.

ACCORDINGLY, IT IS HEREBY ORDERED as follows:

1. Benjamin Gerald Dusing is temporarily suspended from the practice of law in the Commonwealth of Kentucky, effective from the date of entry of this

7

order, such temporary suspension from the practice of law to continue until further orders of this Court.

2. Under SCR 3.165(1)(d), within 90 days from the date of entry of this order, Dusing must submit to a full psychological evaluation, at his own expense, to be performed by his choice of one of the following providers:

Dr. Michael H. Cecil
Louisville Neuropsychology
8401 Shelbyville Road #216, Louisville, KY 40222
(502) 254-1001

Paul Anthony Ebben, Psy.D.
151 North Eagle Creek Drive, Suite 102
Lexington, KY 40509
(859) 264-0267

Thomas Sullivan, Ph.D.
2810 Mack Road
Fairfield, OH 45014
(513) 346-3811

3. Dusing's chosen health-care professional shall submit to the Clerk of the Supreme Court of Kentucky at the address below a detailed written report setting out the findings of the health care professional, including results of all tests made, diagnosis and conclusions, bearing upon Dusing's mental fitness to continue in the practice of law:

Kelly Stephens
Clerk of the Supreme Court of Kentucky
State Capitol, Room 235
700 Capital Ave.
Frankfort, KY 40601-3415

4. Dusing must sign all appropriate releases to comply with all applicable federal and state laws to permit his chosen health-care professional to release all records generated in connection with any psychological evaluation of

8

Dusing.

5. Disciplinary proceedings against Dusing may be initiated by the Inquiry Commission under SCR 3.160, unless already begun or unless Dusing resigns under terms of disbarment.

6. Under SCR 3.165(5), Dusing must, within 20 days of the date of the entry of this Opinion and Order, notify in writing all clients of his inability to provide further legal services and furnish the Director of the Kentucky Bar Association with copies of all such letters.

7. Under SCR 3.165(6), Dusing must immediately, to the extent reasonably possible, cancel and cease any advertising activities in which he is engaged and remove his name from any firm with which he is associated.

All sitting. All concur.

ENTERED: February 24, 2022.

CHIEF JUSTICE